UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| HELLBENDER, INC. | : | |
| Plaintiff, | : | |
| v. | : | Court No. 24-00104 |
| UNITED STATES OF AMERICA; | : | |
| Defendant. | : | |

# COMPLAINT

Plaintiff Hellbender, Inc. (Hellbender), by and through its attorney, alleges and states as follows:

1. This action concerns the determination by CBP of a country of origin of China and related classification in the HTSUS Chapter 99 provision 9903.88.02 with regard to two out of 64 electronic devices imported on the subject entry.

2. The Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a) providing exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part.

3. Plaintiff is the importer of record for entry 799-3448496-5 dated 01/25/2023 which includes the merchandise which is the subject of this action.

1

4. The entry was liquidated on 05/26/2023 with all merchandise found subject to HTSUS 9903.88.02 and assessed a 25% duty as products of China.

5. Protest 209523117151 was timely filed on 08/30/2023.

6. All liquidated duties have been paid.

7. The Protest challenged the country of origin determinations and classification in HTSUS 9903.88.02 for 24 of the 64 line items contained on the revised CBP Form 7501 filed with the Protest.

8. Plaintiff filed information with the Protest and in response to a Request for Information from Import Specialist Herman Porras of Portland, OR, including consultation with the Import Specialist on the required information and format, providing descriptions of the merchandise on each of the challenged line items and the claimed country of origin for each.

9. The information filed also advised that the merchandise on the entry had been purchased from multiple sources in multiple countries with the intention that a contract assembler in China assemble it into electronic camera modules; that the contract had been suspended after a number of the modules had been produced; and that the products not used for assembly of completed modules were packaged by the contract assembler and sent to plaintiff in the United States without having undergone any processing in China.

10. Import Specialist Herman Porras approved the Protest in part and

denied the Protest in part on 12/27/2023, accepting the claims for countries of origin other than China for the merchandise included on 20 of the 24 challenged line items and denying the claims with regard to the merchandise covered by four line items.

11. The entry was reliquidated on 12/29/2023 with a refund, with interest, of the duties paid under HTSUS 9903.88.02 on the approved line item claims.

12. This action covers the merchandise on two of the four line items not approved in the Protest determination.

13. The merchandise covered by invoice line 57 consists of 8000 pcs of Micron PN: MT53D512M32D2DS-046 DRAMs.

14. The merchandise covered by invoice line 59 consists of 10480 pcs of Intel PN: PM3400VE video processing units.

15. The partial denial of the Protest indicated that the claim with regard to the merchandise on invoice line 57 was denied as "Line 57: Images show handwritten letters and numbers on cardboard boxes;" and that the claim with regard to the merchandise on invoice line 59 was denied as "Line 59: Images show a box and do not depict the product."

16. Plaintiff provided supplemental information, in the form of affidavits from two of Plaintiff's employees, to the Assistant Attorney General in the International Trade Field Office, in connection with a proposed Stipulated Judgement on an Agreed Statement of Facts, regarding the facts involved in this matter,

including information about the country of origin for the merchandise on the two challenged invoice line items.

17. This information included, for the Micron MT53D512M32D2DS-046 DRAM products contained on invoice line 57, photographs of the product depicting the product codes, and a copy of the publicly available information in Customer Service Note 11 from Micron setting forth the meaning and application of the Abbreviated Component Marking codes.

18. The product code information from Micron indicated that the country of origin codes for both diffusion and encapsulation of the Micron devices are the last two digits on the top line of the Abbreviated Component Marking. The relevant codes depicted on the photographs of the products were both "7." This code indicated Taiwan as the location where both diffusion and encapsulation occurred.

19. The Micron MT53D512M32D2DS-046 DRAMs covered by invoice line 57 are products of Taiwan, not China, and not subject to classification in HTSUS 9903.88.02.

20. The information included, for the Intel PM3400VE video processing units products shown on invoice line 59, photographs of the product, photographs of the original manufacturer's containers for a portion of the merchandise showing Taiwan as the country of origin and the Master Material # as MM 99A3J5, and copies of communications with Intel's Customer Service Americas Help Desk.

21. The communications with Intel's Help Desk indicated that merchandise covered by MM 99A3J5 had been produced in Taiwan, and that all of the Intel PM3400VE video processing units manufactured under all MM #s had been produced in Taiwan, with the exception of a small portion of one Master Material # produced in the United States.

22. The Intel PM3400VE video processing units covered by invoice line 59 are products of Taiwan, not China, and not subject to classification in HTSUS 9903.88.02.

.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court

(1) find the articles covered by both invoice line 57 and invoice line 59 are products of Taiwan, not China, and therefore not subject to classification in HTSUS 9903.88.02;

(2) order that the entry be reliquidated without the application of HTSUS 9903.88.02 to these invoice lines, and that the duties paid on these invoice lines should be refunded to Plaintiff, with interest as provided for by law;

(3)     award Plaintiff its costs and reasonable attorney fees; and

(4)     grant such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Steven W. Baker 

Steven W. Baker

Dated:  June 6, 2025         Law Offices of Steven W. Baker
                             448 Ignacio Boulevard #323
                             Novato, CA   94949
                             Tel: 415-883-7585

Counsel for Hellbender, Inc.